UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NED GUERRA,

           Plaintiff,

                              Case No. 20-cv-748-pp

   v.

OFFICER J. BROOKS, LT. T. TIKKANEN,
and CPT. ROBERT DUVENECK,

           Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO APPOINT COUNSEL (DKT. NOS. 5, 8) AND ORDERING SERVICE**

On April 2, 2019, the plaintiff stood on the corner of Forrest Avenue and Harrison Place in Fond du Lac, Wisconsin, filming officers as they made traffic stops. Dkt. No. 1 at 2. He approached the officers—on a public sidewalk—to get their squad patrol number, ID and footage of the officers. Id. at 4. The plaintiff does not explain what he was filming or why, but says the officers became "aggressive" when he approached them and they ordered him to step back. Id. The plaintiff says he was already doing that because he didn't want a confrontation and informed the officer that "supreme courts" allow him to film at a distance of twenty feet. Id. The plaintiff says the officers put him in handcuffs, searched him without his consent and turned off his phone so he couldn't film them. Id. After a captain arrived on the scene, the plaintiff explained to the captain that he was exercising his constitutional right to film.

1

Id. The plaintiff spent three days in jail before his release on bail on April 5, 2019. Id. The plaintiff alleges false arrest, false imprisonment and an unlawful search and seizure, seeking $50,000 from each officer in their individual capacities, $100,000 in their official capacities, $25,000 for the three days in jail and $25,000 for false arrest. He'd like each officer to issue an apology letter, take a twenty-hour class and lose their job. Id. at 5.

## I.   Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). In the plaintiff's request to proceed without prepaying the filing fee, he says that he is not employed and owes $68,000 in back child support for two grown children. Dkt. No. 2 at 1. He receives $198 in food stamps each month to cover groceries and has no other monthly expenses. Id. at 2-3. The plaintiff admits he owns two cars but one does not work and the other is valued at $900. Id. at 3. Although he was living in his truck at the time of filing, he has since been incarcerated and filed a second lawsuit against the Fond du Lac Police Department in this district. Guerra v. Sprangers, *et al.*, Case No. 21-cv-34 (E.D. Wis.). Because the plaintiff had no source of income when he filed this complaint, the court will allow him to proceed without prepaying the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without

2

prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' (emphasis added) but not without ever paying fees.").

## II.    Screening

The court next must decide whether the plaintiff has stated claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff has alleged that the three named defendants violated his Constitutional rights when he approached them while filming two of the officers making a traffic stop. The third officer is a captain who allegedly allowed the

3

plaintiff to be taken into custody. At this stage, the court must liberally construe the complaint.

The plaintiff alleges that he approached the officers while they were making traffic stops and "slowly started to approach closer" on a public sidewalk to get their squad patrol number. Dkt. No. 1 at 2, 4. He alleges that the officers warned him he would be arrested if he did not back up and says that he was already doing that because he "was not looking for" a confrontation. Id. at 4. At that point, he was told he was under arrest for obstructing an officer. He explained the situation to Captain Duvenak, insisting he did not approach to an unsafe distance and had a constitutional right to film. Captain Duvenak spoke with the arresting officers and allowed the officers to take the plaintiff into custody.

The plaintiff implies that the officers arrested him without probable cause. See Neita v. City of Chi., 830 F.3d 494, 497 (7th Cir. 2016). If the officers had no probable cause to arrest the plaintiff, he may have claims for Fourth Amendment violations of unlawful search and seizure and false imprisonment claims. The court cannot say at this early stage that the plaintiff cannot state valid, cognizable claims. The court notes, however, that while the civil rights statute—42 U.S.C. §1983—allows a plaintiff to sue someone who violated his rights while acting under color of state law, the court must consider whether ruling in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994). If so, this court would be required to dismiss the plaintiff's §1983

4

complaint. The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485.

It appears that the plaintiff has been charged numerous times since this arrest. On April 3, 2019, the State of Wisconsin filed a probable cause determination against the defendant for bail jumping and operating while revoked, which led to a judgment of conviction. State of Wisconsin v. Ned Guerra, Fond du Lac County Circuit Court Case No. 2019CM279 (available at wcca.wicourts.gov). The defendant did not appeal that conviction. On May 29, 2019, the State of Wisconsin charged the plaintiff with obstructing an officer and other charges, although that case was dismissed. State of Wisconsin v. Ned Guerra, Fond du Lac County Circuit Court Case No. 2019CM398 (available at wcca.wicourts.gov). Additional cases are pending. State of Wisconsin v. Ned Guerra, Fond du Lac Count Circuit Court Case No. 2019CF541; State of Wisconsin v. Ned Guerra, Fond du Lac Circuit Court Case No. 2019CM667; State of Wisconsin v. Ned Guerra, Fond du Lac Circuit Court Case No. 2020CM371; State of Wisconsin v. Ned Guerra, Fond du Lac Circuit Court Case No. 2020CM812 (available at wcca.wicourts.gov). Without access to the underlying documents, the court cannot tell whether this civil action would demonstrate the invalidity of any outstanding criminal judgment against the plaintiff. The court will allow the case to proceed and the defendants may raise any appropriate defenses when responding to the complaint.

5

### III. Plaintiff's Motions to Appoint Counsel (Dkt. Nos. 5, 8)

After filing the complaint, the plaintiff filed two motions to appoint counsel. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019), (quoting Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to

litigate those claims without counsel." <u>Pennewell,</u> 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." <u>Id.</u> This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." <u>Id.</u> at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." <u>Id.</u> at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." <u>Pickett,</u> 930 F.3d at 871.

The plaintiff's first motion was filed along with his consent to magistrate judge jurisdiction, and simply asks that an attorney be appointed because the plaintiff is incarcerated for an undetermined amount of time without access to an adequate law library. Dkt. No. 5. The second motion to appoint counsel says that the Fond du Lac County jail does not contain adequate books for the "proper templates of formats for inmates to properly file the right motions." Dkt. No. 8. He says the library does not have the federal rules books, that the law computer is outdated (which makes it hard to look up citations), that he is indigent and he cannot hire an attorney on his own. <u>Id.</u>

The plaintiff has not provided the court with proof that he has tried to find an attorney on his own. Even if the plaintiff had provided that proof, the

7

court still would deny the motions. The court understands that litigating a case—or, for the plaintiff, four cases—feels overwhelming when one is not a lawyer and is not trained in the law. Many prison and jail libraries are not comprehensive. But the plaintiff has provided the court little else to support his claim that he needs an attorney. He writes well—the court has been able to understand his pleadings better than most inmate filings. He not only uses correct spelling and grammar, but his words are organized in a logical fashion that makes his writing easy to follow. The plaintiff does not allege any mental, emotional, cognitive or physical disabilities that prevent him from doing his own work. While the prison library may be inadequate, at this stage there is nothing the plaintiff needs to research. The next step in the litigation will be for the court to have the complaint served on the defendants and for the defendants to answer. After that, the court will issue a scheduling order, setting deadlines for the parties to ask each other for information about the case. The plaintiff does not need to cite to case law or do legal research to do any of that. If the case reaches a stage where the plaintiff believes that he cannot handle it himself, he may first try to find an attorney on his own. If he cannot find one, he can provide the court proof that he has tried to do so and renew his motion for appointment of counsel. If he does renew the motion, he should be as specific as possible about why he believes he cannot represent himself, understanding that the court cannot appoint counsel for many inmates due to a lack of available volunteers.

## IV. Plaintiff's "Supplement" (Dkt. No. 7)

On October 8, 2020, the court received from the plaintiff a document that he titled "Additional Defendants Complaint Supplemental Information." Dkt. No. 7. He asks to add the Fond du Lac police chief, William B. Lamb, and the City of Fond du Lac as defendants. Id. The plaintiff lays out the claims he wants to make against these two potential defendants.

This is not the proper way to add complaints and claims to the original complaint—the court does not entertain "piecemeal" complaints. If a party wants to add defendants or claims, that party must "amend" his complaint under Fed. R. Civil. P. 15(a). That rule allows a party to amend the complaint one time "as a matter of course"—without the court's permission—any time before the complaint is served on the defendants. Once the complaint is served, the party must file a motion asking permission to amend. Under this court's local rules, a party who is amending his complaint must reproduce the *entire* amended complaint—he can't just file a "supplement" and then ask the court to refer back to the original complaint for the rest of the allegations.

There is a difference between "amending" the complaint and "supplementing" the complaint. A party "amends" the complaint when he wants to add parties to his original claims, or he wants to add more claims about events that happened before he filed the original complaint. A party may "supplement" his complaint under Fed. R. Civ. P. 15(d) if he wants to add a transaction, occurrence, or event that happened *after* the date he filed the original complaint. But a party needs the court's permission to supplement a

9

complaint, and again, he must file the whole complaint (with both the pre-original complaint and post-original complaint information in it) along with his request for leave to supplement. The court does not have to allow a party to supplement a complaint. Civil Local Rule 15(a) (E.D. Wis.).

The court will not take any action on the plaintiff's "supplement." If he still wishes to add these defendants and these claims after the defendants have answered or otherwise responded to the original complaint, he may file a motion asking the court for permission to do so. Along with that motion, he must file the full, amended complaint. The court is enclosing a blank amended complaint form. The defendant must use the case number for this case—Case No. 20-748—in the field next to "Case Number." He must list in the caption every defendant whom he wishes to sue. He must use the space provided in the "Statement of Claim" section to describe the "who, what, when, where and how" information—he must tell the court what each defendant did to allegedly violate his rights, when they did it, how they did it and, if he knows, why. He does not need to use legalese or cite cases. He needs only to explain what happen, and what each defendant's role was.

If the plaintiff does end up filing a motion to amend his complaint, he should be aware that there must be plausible basis for concluding that the police chief, as a supervisory defendant, caused or knowingly participated in the alleged constitutional deprivation. Vance v. Rumsfeld, 701 F.3d 193, 204 (7th Cir. 2012) ("Knowledge of a subordinate's misconduct is not enough for liability.") A governmental entity, such as a city, cannot be held liable for the

10

unconstitutional acts of their employees unless those acts were carried out as part of an official custom or policy. <u>Monell v. Dept. of Soc. Serv.</u>, 436 U.S. 658, 694 (1978).

If the plaintiff files a motion for leave to file an amended complaint and if he files the proposed amended complaint along with that motion, the court will screen it and decide whether to allow him to proceed on the claims in that amended complaint. The amended complaint will "supersede," or take the place of, the original complaint, so it will be as if the original complaint goes away and the amended complaint takes its place. <u>See</u> <u>Flannery v. Recording Indus. Ass'n of Am.</u>, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $350 filing fee as he is able.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions to appoint counsel. Dkt. Nos. 5, 8.

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on the defendants under Fed. R. Civ. P. 4. The court advises the plaintiff that Congress requires the U.S. marshals Service to charge for making or attempting service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is

provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court of the U.S. Marshals Service.

The court **ORDERS** that the defendants must answer or otherwise respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The court **ORDERS** that plaintiff shall submit all correspondence and pleadings to

United States District Court
Office of the Clerk
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the case.

The plaintiff must communicate only with the defendant's lawyer. The parties may not begin discovery (asking each other for documents) until after the defendant has answered or otherwise responded and the court has issued a scheduling order setting deadlines for complaint discovery and for filing dispositive motions. The plaintiff should keep a copy of every document he files with the court. If the plaintiff's address changes, he must notify the court immediately; if he doesn't, he may not receive important notices and documents relating to her case. If the plaintiff does not file documents by the

deadlines the court sets, the court could dismiss his case for lack of diligence.

Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 1st day of February, 2021.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge